UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS TOOLEY,  )
an individual,  )
 )  CASE NO.: 1:23-cv-1778
       Plaintiff,  )
vs.  )
 )
SHRI MANGALAMURTI INC.,  )
an Indiana Corporation,  )
 )
       Defendant.  )
_____ )

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues SHRI MANGALAMURTI INC., an Indiana Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, SHRI MANGALAMURTI INC., (hereinafter referred to as "Defendant"), is an Indiana Corporation registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, which is the subjects of this action, to wit: the "Property", Best Western Plus Greenwood/Indy South Inn, generally located at 1281 S. Park Dr, Greenwood, IN 46143. Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a hotel, is open to the public and provides goods and services to the public.

10. Plaintiff MR. TOOLEY has visited the Property numerous times over the past two (2) years, recommends and visits friends and business associates who stay there, and has attempted to utilize the goods and services offered at the Property.

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

11. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12. MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

13. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

    A. Plaintiff encountered that each of the parking spaces designated for disabled use throughout the Property parking lot were not accessible due to a lack of proper signage to identify the spaces as exclusively for disabled use. This issue made it difficult for Plaintiff to recognize and use the disabled use parking spaces and fail to discourage some able-bodied patrons from parking in those spaces.

    B. Plaintiff encountered that each of the parking spaces designated for disabled use throughout the Property parking lot were not accessible due to slopes in excess of 1:48, cracked pavement and other disrepair within the spaces. Additionally, the spaces have large built-up curb ramps which protrude into their access aisles. These conditions made it difficult and dangerous for

    Plaintiff to park in and safely utilize the disabled use parking spaces during his visits.

  C. Plaintiff encountered inaccessible curb ramps throughout the Property connecting the intended ADA parking spaces to the property sidewalk due to steep running slopes, steep side flares and lack of smooth transitions which made it difficult and dangerous for Plaintiff to maneuver from the intended ADA parking to the Property sidewalk.

  D. Plaintiff encountered several inaccessible self-service items such as the drink dispenser machines and washer/dryers located throughout the Property due to excessive height/placement of the machines and their operating controls. These conditions made it difficult and inconvenient for Plaintiff to independently use these amenities without assistance.

  E. Plaintiff encountered an inaccessible restroom in the lobby of the Property due to sinks which lack adequate knee clearance for a person in a wheelchair and improper placement of the toilet flush handle on the narrow side between the toilet and the wall where it cannot be safely used by a person in a wheelchair. These conditions made it difficult and dangerous for Plaintiff to use the restroom facilities while at the Property.

14. Plaintiff has visited the premises described herein and encountered numerous barriers throughout, as described above. These barriers greatly reduced the Plaintiff's ability to access the goods and services available at the Property and made his visits difficult and dangerous.

15. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: October 2, 2023

              Respectfully Submitted,

         By: *Louis I. Mussman*
            Louis I. Mussman, Esq.
            Bar No. 597155
            Ku & Mussman, P.A.
            18501 Pines Blvd, Suite 209-A
            Pembroke Pines, FL 33029
            Tel: (305) 891-1322
            Fax: (954) 686-3976
            Louis@KuMussman.com

            and

            Eric C. Bohnet, Esq.
            Attorney No. 24761-84
            Attorney at Law
            6617 Southern Cross Drive
            Indianapolis, Indiana 46237
            Tel: (317) 750-8503
            ebohnet@gmail.com